# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| JENNY Q. GALYON, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil Action No.: _____ |
| | ) Judges: _____ |
| PULMACARE, INC., | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

COMES the Plaintiff, JENNY Q. GALYON, and sues the Defendant, PULMACARE, INC. (hereinafter "PULMACARE"), and respectfully shows this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. This action arises from Defendant's conduct toward the Plaintiff in violation of the following laws: Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U.S.C. § 2000e, *et seq.*, for sex discrimination and the Pregnancy Discrimination Act (PDA) of 1978 prohibiting sex discrimination/retaliation on the basis of pregnancy

### II. JURISDICTION AND VENUE

2. The matter in controversy involves questions of federal law, giving this Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3. Plaintiff was employed by the Defendant in Morristown, Tennessee. Venue is therefore proper with this Court pursuant to 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff is a citizen and resident of Hamblen County, Tennessee.

5. Defendant is a domestic corporation that is organized under the laws of the State of Tennessee with its principle place of business at 2809 West Andrew Johnson Highway, Morristown, TN 37814-3216. Defendant may be served with process through its registered agent as identified by the Tennessee Secretary of State: David W. Cooper, 2809 West Andrew Johnson Highway, Morristown, TN 37814-3216.

6. The Plaintiff reserves the right to amend this Complaint with leave of court to name and/or substitute as Defendants any other individuals or legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

### IV. FACTS

7. Defendant was an "employer" within the meaning of Title VII and the PDA at all times relevant to this Complaint and employs more than twenty (20) regular employees.

8. Plaintiff was an "employee" within the meaning of Title VII and the PDA at all times relevant to this Complaint.

9. The Defendant is a provider of home healthcare medical equipment and services.

10. The Plaintiff was a "sales specialist" with the Defendant from on or about January 17, 2011, until her employment was terminated on or about February 24, 2011. She was employed on an "at-will" basis.

11. The Defendant recruited the Plaintiff from her previous employer in late 2010 and early 2011 to become a sales specialist in Defendant's Sevierville, Tennessee, office.

12. Plaintiff is female. She was the only female sales specialist with the company at the time she was hired by the Defendant.

13. Upon beginning her employment with Defendant, the Plaintiff notified Mr. David Cooper, the CEO and president of the company, that she had gotten married the previous weekend. Mr. Cooper responded by asking if she was pregnant and discouraged her from becoming pregnant until after she had worked in her new position for a period of time.

14. While the Plaintiff did not know she was expecting at the time she began her employment, she later found at that she was, indeed, pregnant. She informed David Cooper and the Defendant of her pregnancy on February 22, 2011.

15. On or about February 24, 2011, Mr. Cooper instructed the Plaintiff to attend a sales meeting at the Morristown office.

16. Upon arriving at the sales meeting, the Plaintiff discovered that she was the only sales specialist required to attend the alleged sales meeting.

17. At this meeting, Mr. David Cooper informed the Plaintiff that the Defendant was experiencing financial difficulties and that she was being laid off indefinitely from her employment approximately six (6) weeks after joining the Defendant. Mr. Cooper advised Plaintiff that she may be able to return to her employment following her pregnancy if the company were in a better financial position.

18. Upon information and belief, the Plaintiff was the only employee who was "laid off" as a result of the Defendant's alleged financial difficulties.

19. During her employment with the Defendant, the Plaintiff was never disciplined or reprimanded.

20. The Defendant later hired a male employee, Mr. Nathan Buice, in late 2011 or early 2012 to serve as customer service/sales employee and handled similar or substantially

3

Case 2:12-cv-00396-JRG-DHI Document 1 Filed 09/20/12 Page 3 of 6 PageID #: 3

similar duties as the Plaintiff in her previous position with the Defendant. Upon information and belief, Mr. Buice had not previously been employed by the Defendant.

21. The Defendant never contacted the Plaintiff regarding the open customer service/sales position filled by the male employee, Mr. Buice, despite representations that Defendant intended to bring her back to work if the company's financial position improved.

22. The Plaintiff was qualified for the customer service/sales position filled by the male employee, Mr. Buice.

23. The Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about April 15, 2011. (A true and exact copy of said charge is attached hereto as <u>Exhibit 1</u> and the same is incorporated herein by reference.)

24. A Right to Sue letter was mailed by the EEOC on June 21, 2012. (A true and exact copy of the letter is attached hereto as Exhibit 2 and the same is incorporate herein by reference.)

25. The Plaintiff alleges that she has satisfied all of the procedural and administrative requirements of Title VII and the PDA.

## V. CAUSES OF ACTION

26. The allegations contained in Paragraphs 1 through 25 are hereby realleged and incorporated herein by reference as full set forth.

27. Upon information and belief, the Defendant's stated reason for the termination of the Plaintiff's employment due to alleged financial difficulties was merely pretextual and false. Instead, the Plaintiff alleges that her termination of employment was due to her announced pregnancy and constituted illegal discrimination under Title VII and the PDA.

4

28. Upon information and belief, the Plaintiff further alleges that she was discriminated against due to her sex when the Defendant failed to re-hire her in the open customer service/sales position following her termination, and instead, hired a new male employee, Mr. Buice, to perform the same or substantially similar duties for which the Plaintiff was previously hired and qualified in violation of Title VII and the PDA.

29. Upon information and belief, the Plaintiff further alleges that she was not re-hired instead of Mr. Buice in retaliation for filing her charge of discrimination with the EEOC in violation of Title VII and the PDA.

30. As a result of the Defendant's actions, the Plaintiff has lost tangible job benefits, including a loss of income and benefits, both past and future, and has suffered and will continue to suffer irreparable injury, inconvenience, embarrassment and humiliation, and other pecuniary losses as a direct and proximate result of Defendant's actions.

WHEREFORE, the Plaintiff prays for the following relief, to wit:

A. That Plaintiff by awarded such amount as may be determined by a jury, for her damages as alleged herein, including but not limited to lost wages, lost benefits, lost interest on wages and benefits, inconvenience, embarrassment, humiliation, loss of lifetime earning capacity, additional funds to compensate her for adverse tax consequences, and other incidental and consequential damages and expenses;

B. That Plaintiff be awarded punitive damages in an amount to be determined by a jury for her claims under Title VII and PDA;

C. Pre- and Post-judgment interest;

D. Front pay;

D. That Plaintiff be awarded reasonable attorneys' fees and costs as cited herein; and

E. For such other and further relief which the Court deems just and proper.

31. **PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 20th day of September, 2012.

Link A. Gibbons, Esq. (BPR #022799)
link@linkgibbonslaw.com

LAW OFFICE OF LINK A. GIBBONS
921 W. First North Street
P.O. Box 2248
Morristown, TN 37816
(423) 839-0990 Phone
(423) 839-1306 Fax